Argued January 23, reversed and remanded March 1, 1976

## STATE OF OREGON, *Appellant,*
*v.*
## HENSLEY DAVID MEYERS, JR., *Respondent.*
## (No. CC-75-434, CA 5290)

546 P2d 771

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for appellant. With him on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Stephen L. Roman,* Astoria, argued the case for respondent. With him on the brief were Zafiratos & Roman, Astoria.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

This is an appeal by the state from a circuit court order suppressing hair and blood samples taken from the accused under a search warrant. We reverse.

The defendant was indicted for murder. While defendant was in jail a search warrant was obtained authorizing the taking of blood and hair samples from defendant's person. The defendant was taken from the jail to the hospital. Upon service of the warrant and prior to being taken to the hospital, defendant asked if he could call his attorney or have someone advise his attorney as to what was taking place. An officer contacted the district attorney and was advised that the defendant did not have the right to consult his attorney on the matter. The officer then told defendant he could not call his attorney and they proceeded to the hospital where the blood sample was drawn by a doctor and loose hair samples taken.

Defendant concedes that specimens of body samples may be constitutionally seized for criminal investigative work and used at trial. *State v. Robinson,* 3 Or App 200, 473 P2d 152 (1970). He also concedes that counsel need not be present at the time the seized items are actually analyzed. He contends, however, that when a defendant is represented by counsel, he has a right, upon request, to have his counsel present when specimens are taken from his person.

In *State v. Robinson,* supra, we suppressed use of hair as evidence because it was taken in violation of a tacit agreement between the district attorney and defense counsel that defendant's counsel be present when the hair samples were taken. We limited our holding to the facts of that case and said that we did "* * * not * * * imply that an attorney need be present when such substances are taken except in circumstances such as existed * * * [in that case]." 3 Or App at 209.

■ A defendant is entitled to have his counsel present at "critical" stages of the proceedings. *United States v. Wade,* 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967). *Wade* holds that the Sixth Amendment guaranty of the assistance of counsel applies to a post-indictment lineup. The test employed by the court for determining the necessity of counsel at any pretrial confrontation is

> "* * * whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself. It calls upon us to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." 388 US at 227.

The United States Supreme Court has held that the taking of handwriting exemplars from an accused who was not represented did not render the exemplar inadmissible. *Gilbert v. California,* 388 US 263, 266-67, 87 S Ct 1951, 18 L Ed 2d 1178 (1967). Similarly, that court has held that a defendant from whom a blood sample was taken need not be accorded the right to counsel. *Schmerber v. California,* 384 US 757, 86 S Ct 1826, 16 L Ed 2d 908 (1966). *See also* McCormick, Evidence 410, § 176 (2d ed HB 1972).

■■ We see no prejudice to defendant's rights where the state is properly authorized to take specimens of body samples and defendant has the opportunity to challenge any violation of that authority by moving to suppress specimens improperly seized. There is no contention here that the state exceeded its authority, only that counsel was not present.[1] This was not a "critical"

---

[1] Here there was no agreement, as in *State v. Robinson,* 3 Or App 200, 473 P2d 152 (1970), with defendant or his counsel. The search warrant was executed by a member of the Oregon State Police. The district attorney, though perhaps not exercising professional courtesy, violated no right of defendant in advising an officer, in effect, that defendant was not entitled to have his attorney present at the taking of the samples.

stage of the proceedings as envisioned in *United States v. Wade,* supra. Thus, we conclude that the absence of counsel when the samples were taken did not impinge upon the accused's right to a fair trial.

Reversed and remanded.